IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMOD-KHALIL ROHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-783 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Caiazza |
| JEFFREY A. BEARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants (Doc. 22) be granted.

### II. REPORT

The Plaintiff, Jamod-Khalil Rohn ("Rohn" or "the Plaintiff"), is a state inmate confined at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania ("SCI-Fayette"). Rohn commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that prison officials seized from his cell a copy of Title 13 of the United States Code as well as the Uniform Commercial Code and "related legal materials". Rohn previously brought the same claim at Civil Action No. 05-1584. Defendants were granted summary judgment on the basis that Rohn failed to exhaust available administrative remedies after the initial denial of his grievance in 2005. Rohn now raises the same claims, but asserts that he

has exhausted the administrative remedies because in February, 2007 —after his prior lawsuit was dismissed- he belatedly attempted to complete his administrative appeal from the denial of his grievance. The Defendants move to dismiss on the basis that Rohn's attempt to exhaust the administrative remedies was untimely and, as a result, he has procedurally defaulted his claims. The Defendants' argument has merit .

A.  **The Applicable Law**

The applicable  - and mandatory- exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a)  Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C.A. § 1997e(a)(emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies; this requirement remains mandatory even if the ultimate relief sought by the prisoner is not available through the administrative process. See <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir.2000), <u>cert. granted</u>, 531 U.S. 956 (2000), <u>aff'd</u>, 532 U.S. 731, (2001). It is insufficient for a prisoner to establish that "there is no further process available to the inmate within

the grievance system (which would occur if, say, an inmate fails to file an administrative appeal). . . ." Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir.2004). The Spruill court stated further that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Id., at 228. Furthermore, "[i]t is beyond the power of this court – or any other– to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)(quotation omitted).

The Spruill court also explicitly held that the exhaustion requirement of the PLRA includes a procedural default component by analogizing it to the exhaustion doctrine  – with its corollary procedural default component–  in the habeas context. Spruill, 372 F.3d at 228-229. Having concluded that the PLRA includes a procedural default component, the Court stated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231. Therefore, if a prisoner has failed to timely pursue a grievance through the final stage of review, then the claim is procedurally defaulted for purposes of §1997(e)(a).

B. **The Analysis**

The Court has already ruled, in the context of Rohn's earlier lawsuit, that the grievances he filed were not pursued

through all levels of the administrative review process. The allegations of the Complaint, as well as the exhibits attached thereto, show that the Plaintiff, after his prior case was dismissed, filed an administrative appeal from the denial of his 2005 grievance, which appeal was denied on the basis that it was not timely filed. (Doc. 1, Compl. at 25).

The Pennsylvania Department of Corrections Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: the initial grievance submitted to the Facility Grievance Coordinator, an intermediate level of appeal to the Facility Manager, and a final level of appeal to the Secretary's Office of Inmate Grievances and Appeals. See Commonwealth of Pennsylvania, DOC, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. See also Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir.2000) (outlining the grievance review process).

Rohn's own complaint, and the attached exhibits, make clear that he failed to comply with the requirements of the administrative appeal process by not filing a timely appeal from the initial denial of his grievance. The "prison grievance procedures supply the yardstick" in this respect, Spruill, 372 F.3d at 231, and Rohn's failure to timely seek administrative review results in a procedural default of his claims during the administrative appeal process. The Defendants' Motion to Dismiss

(Doc. 22) should be granted. See Bartelli v. Lewis, 2005 WL 2300362, at *5 (M.D.Pa. Sept.9, 2005) (plaintiff procedurally defaulted exhaustion of misconduct claim where he failed to timely pursue three levels of appeal available through DC-ADM 801) and Berry v. Klem, 2006 WL 1548865, at * 4 (M.D.Pa. June 1, 2006)(claim procedurally defaulted pursuant to rule in Spruill where prisoner failed to comply with time limit in prison grievance procedure).

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 22) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by December 5, 2007.

November 19, 2007

Francis X. Caiazza
United States Magistrate Judge

cc: Jamod-Khalil Rohn
694904-EA4792
P.O. Box 9999
SCI Fayette
LaBelle, PA 15450-0999

Counsel of record.